**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| PENNY E. HAISCHER, ) <br> ) <br> Plaintiff, ) <br> vs. ) <br> ) <br> MORTGAGE ELECTRONIC REGISTRATION ) <br> SYSTEMS, INC.; BAC HOME LOANS ) <br> SERVICING, LP; *formerly known as* ) <br> COUNTRYWIDE HOME LOAN SERVICING ) <br> LP, RECONTRUST COMPANY, N.A.; and ) <br> FEDERAL NATIONAL MORTGAGE ) <br> ASSOCIATION, ) <br> ) <br> Defendants. ) <br> ) | Case No.: 2:11-cv-01786-GMN-RJJ <br><br> **ORDER** |

This action arises out of the foreclosure proceedings initiated against the property of Plaintiff Penny Haischer, who is represented by counsel. Pending before the Court is the Motion to Dismiss (ECF No. 5) filed by the Defendants: Bank of America, N.A., as successor by merger to BAC Home Loans Servicing, LP, formerly known as Countrywide Home Loans Servicing, LP ("BAC"); ReconTrust Company, N.A. ('ReconTrust"); Mortgage Electronic Registration Systems, Inc. ("MERS"); and Federal National Mortgage Association ("Fannie Mae") (collectively "Defendants"). (Defs.' Mot. to Dismiss, ECF No. 5.)  Plaintiff filed a Response (ECF No. 16) and Defendants filed a Reply (ECF No. 17).  Defendants also filed a Request for Judicial Notice (ECF No. 6) and Supplement (ECF No. 11).

**I.     BACKGROUND**

Until May 31, 2011, Plaintiff was the titleholder of the property located at 193 Rocky Star Street, Henderson, Nevada, 89012, APN # 178-22-513-033 ("the property"). (Deed of Trust, Ex. 2 to Compl., ECF No. 1; Trustee's Deed Upon Sale, Ex. 9 to Compl., ECF No. 1-1.)

On September 14, 2005, Plaintiff executed a promissory note for $320,000 and secured it with a Deed of Trust on the property. (Compl., 2:24-28.) The Lender was Winstar Mortgage Partners, Inc., the Trustee was Lawyers Title, and Defendant MERS was the beneficiary, as nominee for the Lender. (Deed of Trust, Ex. 2 to Compl.)

An August 12, 2009 Notice of Default was recorded by ReconTrust, "as agent for the Beneficiary." (2009 Notice of Default, Ex. 3 to Compl.; Ex. H to Defs.' Req. for Judicial Notice.) The beneficiary named in the 2009 Notice of Default was MERS. (*Id*.)

A Corporate Assignment of Deed of Trust ("Assignment") was recorded on August 15, 2009, by ReconTrust, according to Plaintiff.[1] (Compl. at 4:3-6.) The Assignment transferred the beneficial interest from MERS to "BAC Home Loans Servicing, LP fka Countrywide Home Loans Servicing LP." (*Id*.)

BAC recorded a Substitution of Trustee on February 26, 2010, which was signed February 24, 2010 and dated August 12, 2009. (Ex. 5 to Compl.) ReconTrust was substituted as Trustee in the place of Lawyers Title. (*Id*.)

Defendants allege that BAC then offered Plaintiff a loan modification, and that Plaintiff accepted the modification. (Defs.' Mot. to Dismiss, 2:19-20.) Defendants support this with a copy of a "Loan Modification Agreement" dated February 4, 2010, and apparently signed by the Plaintiff on February 23, 2010. (Loan Modification Agreement, Ex. C to Defs.' Req. for Judicial Notice.) Plaintiff does not allege that she was current in her payments, and Defendants submit a statement of Plaintiff's payment history through September 2011, demonstrating her failure to make payments. (Payment History, Ex. D to Defs.' Req. for Judicial Notice.) Plaintiff does not contest the authenticity of either of these documents.

On April 29, 2010, ReconTrust recorded a Rescission of Election to Declare Default for

---

[1] Although Plaintiff cites to an attachment, none is included in the Complaint provided to the Court. Defendants provide a copy of the Assignment as Exhibit F to the Request for Judicial Notice (ECF No. 6) and Plaintiff does not dispute its authenticity.

the 2009 Notice of Default. (Ex. 7 to Compl.)

ReconTrust recorded the operative Notice of Default here on September 8, 2010. (2010 Notice of Default, Ex. 8 to Compl.) In February 2011, Defendants and Plaintiff participated in Nevada's foreclosure mediation program. (Mediator's Statement, Ex. I to Defs.' Req. for Judicial Notice.) Plaintiff apparently did not bring required documents to the mediation, and the parties were unable to reach a loan modification. (*Id*.; Certificate of Mediation, Ex. J to Defs.' Req. for Judicial Notice, ECF No. 11.) Plaintiff does not allege that she appealed the mediation.

On May 10, 2011, ReconTrust recorded a Notice of Trustee's Sale to take place on May 31, 2011. (Notice of Trustee's Sale, Ex. 6 to Compl.; Ex. K to Defs.' Req. for Judicial Notice.) The property was sold to Fannie Mae at the trustee's sale on May 31, 2011. (Trustee's Deed Upon Sale, Ex. 9 to Compl.)

Plaintiff filed the instant suit in state court on October 7, 2011. (Compl.) Plaintiff's suit arises out of her contention that "each defendant . . . has participated, aided and abetted the actionable acts, transactions, and omissions alleged." (*Id*. at 2.) Plaintiff alleges five causes of action: (1) wrongful foreclosure, (2) violations of NRS 107, (3) slander of title, (4) declaratory relief, and (5) cancellation of trustee's sale. (*Id*.)

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted. *See North Star Int'l. v. Arizona Corp. Comm'n*., 720 F.2d 578, 581 (9th Cir. 1983). When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In considering whether the complaint is sufficient to state a claim, the Court will take all material allegations

as true and construe them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986).

The Court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). A formulaic recitation of a cause of action with conclusory allegations is not sufficient; a plaintiff must plead facts showing that a violation is *plausible*, not just possible. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 555) (emphasis added).

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion . . . . However, material which is properly submitted as part of the complaint may be considered on a motion to dismiss." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citations omitted). Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994). Under Federal Rule of Evidence 201, a court may take judicial notice of "matters of public record." *Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986). Otherwise, if the district court considers materials outside of the pleadings, the motion to dismiss is converted into a motion for summary judgment. *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001).

If the court grants a motion to dismiss, it must then decide whether to grant leave to amend. The court should "freely give" leave to amend when there is no "undue delay, bad faith[,] dilatory motive on the part of the movant . . . undue prejudice to the opposing party by virtue of . . . the amendment, [or] futility of the amendment . . . ." Fed. R. Civ. P. 15(a); *Foman*

*v. Davis*, 371 U.S. 178, 182 (1962). Generally, leave to amend is only denied when it is clear that the deficiencies of the complaint cannot be cured by amendment. *See DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).

### III. DISCUSSION

#### A. Wrongful Foreclosure and Slander of Title

Plaintiff alleges wrongful foreclosure by claiming that at the time of sale "there was no breach of condition or failure of performance existing on Plaintiff's part that would have authorized Defendants to exercise the power of sale." (Compl. at 4:26-27.) Plaintiff also alleges slander of title based on the 2010 Notice of Default. (Compl. at 6:14 – 7:7.) In her Response to Defendants' Motion to Dismiss, Plaintiff "abandon[ed] her Causes of Action for Slander of Title and Wrongful Foreclosure." (Resp. to Mot. to Dismiss, 7:1-2, ECF No. 16.) Accordingly, these claims are dismissed.

#### B. Violations of NRS Chapter 107

In her Complaint, Plaintiff requests an order setting aside the sale of the property and canceling the Trustee's Deed. (Compl., 9:23-24.) Plaintiff alleges violations of NRS Chapter 107 by claiming deficiencies of the Notice of Default. Although the trustee's sale was conducted pursuant to the 2010 Notice of Default, Plaintiff does not specifically allege which Notice of Default is defective in her Complaint.

Plaintiff argues four grounds for her allegation that Defendants violated NRS Chapter 107. First, Plaintiff claims that when ReconTrust recorded the Notice of Default, BAC was not authorized to do so as beneficiary, Trustee or agent of the beneficiary or trustee. (Compl. at 5:15-18.) Second, Plaintiff claims that Defendants violated NRS 107.085(3)(b) by not attaching a copy of the promissory note to the Notice of Trustee's Sale. (Compl. at 5:19-21.) Third, Plaintiff claims that Defendants violated NRS 107.080(3)(a) by failing to include a description of the deficiency in performance or payment and by failing to include language

regarding acceleration in the Notice of Default. (Compl. at 5:22-26.) Fourth and finally, Plaintiff claims that Defendants violated NRS 107.086(2)(a)(b) by conducting the sale without including language in the Notice of Default that identified "a person with authority to negotiate a loan modification on behalf of the beneficiary of the [Deed of Trust] or a form for the election of mediation." (Compl. at 6:4-6.)

In Nevada, "[t]he power of sale must not be exercised" until "[t]he beneficiary, the successor in interest of the beneficiary or the trustee first executes and causes to be recorded . . . a notice of the breach and of the election to sell . . . ." NRS 107.080(c).

> A sale made pursuant to [NRS 107.080] must be declared void by any court of competent jurisdiction in the county where the sale took place if:
> (a) The trustee or other person authorized to make the sale does not substantially comply with the provisions of [NRS 107.080] or any applicable provision of NRS 107.086 and 107.087;
> (b) Except as otherwise provided in subsection 6, an action is commenced in the county where the sale took place within 90 days after the date of the sale; and
> (c) A notice of lis pendens providing notice of the pendency of the action is recorded in the office of the county recorder of the county where the sale took place within 30 days after commencement of the action.

NRS 107.080(5). Subsection Six of NRS 107.080 provides:

> If proper notice is not provided . . . to any . . . person entitled to such notice, the person who did not receive such proper notice may commence an action pursuant to subsection 5 within 120 days after the date on which the person received actual notice of the sale.

NRS 107.080(6).

Here, Plaintiff brought the present action more than ninety days after the sale of her property. The sale took place on May 31, 2011 and Plaintiff's Complaint was filed in state court on October 7, 2011. (Trustee's Deed Upon Sale, Ex. 9 to Compl.) Plaintiff does not allege that she received actual notice of the sale less than one hundred and twenty days before filing suit. Accordingly, Plaintiff's claims appear to be time-barred and the Court is not

required to declare the sale void even if a violation of NRS 107.080 has occurred.

Even if Plaintiff's claims were not time-barred, they would fail to meet the pleading standard under Federal Rule of Civil Procedure 12(b)(6). As discussed below, the foreclosure documents provided by Plaintiff as attachments to her Complaint (ECF No. 1), and the judicially noticeable documents provided by Defendants in the Request for Judicial Notice (ECF No. 6) and Supplement (ECF No. 11) demonstrate Defendants' compliance with the requirements of Chapter 107 of Nevada Revised Statutes.

**1.     Authorization to foreclose.**

First, Plaintiff claims that when ReconTrust recorded the Notice of Default, BAC was not authorized to do so as beneficiary, Trustee or agent of the beneficiary or trustee. (Compl. at 5:15-18.) Here, ReconTrust recorded the operative Notice of Default on September 8, 2010, upon which the sale was based. (2010 Notice of Default, Ex. 8 to Compl.)

ReconTrust was substituted as Trustee in the place of Lawyers Title pursuant to the Substitution of Trustee that was recorded by BAC on February 26, 2010, signed February 24, 2010 and dated August 12, 2009. (Ex. 5 to Compl.)

In Nevada, an assignment of the beneficial interest in a deed of trust need not be recorded in order to be valid. *See* NRS 106.210. However, Defendants submit evidence that MERS assigned the beneficial interest to BAC by providing a copy of the Corporation Assignment of Deed of Trust that was dated August 15, 2009, signed August 18, 2009, and recorded in Clark County on August 24, 2009. (Ex. F to Defs.' Req. for Judicial Notice.)

Accordingly, at the time of the 2010 Notice of Default, ReconTrust was the Trustee pursuant to the Substitution of Trustee, the beneficiary was BAC pursuant to the Assignment, and MERS was the beneficiary, as nominee for the Lender, pursuant to the Deed of Trust. (Deed of Trust, Ex. 2 to Compl.; Substitution of Trustee, Ex. 5 to Compl.; Assignment, Ex. F to Defs.' Req. for Judicial Notice.)

The 2010 Notice of Default indicated that ReconTrust was filing the notice "as agent for the Beneficiary." (Ex. 8 to Compl.) Defendant MERS was named as beneficiary in the notice. (*Id*.) Defendant MERS was also named as the beneficiary, as nominee for the Lender, in the Deed of Trust. (Deed of Trust, Ex. 2 to Compl.)

Therefore, the documents provided by Plaintiff and Defendants show that ReconTrust was authorized to file the 2010 Notice of Default at the time it was recorded. As for the 2009 Notice of Default, ReconTrust recorded it on August 12, 2009, and rescinded it on April 29, 2010. (2009 Notice of Default, Ex. 3 to Compl.; Rescission, Ex. 7 to Compl.)

Since the documents submitted by Plaintiff herself establish that Defendants conducted the foreclosure properly, the Court finds that Plaintiff has failed to show that a violation on this basis is plausible. Accordingly, the Court finds that Plaintiff has failed to state a claim on this basis.

### 2. Attachment of promissory note to Notice of Default.

Second, Plaintiff claims that Defendants violated NRS 107.085(3)(b) by not attaching a copy of the promissory note to the Notice of Trustee's Sale. (Compl. at 5:19-21.) However, this statute relates to "a transfer in trust of an estate in real property," and Plaintiff does not allege that her property meets this definition. *See* NRS 107.085. Accordingly, the Court finds that Plaintiff has failed to state a claim on this basis.

### 3. Content of Notice of Default.

Third, Plaintiff claims that Defendants violated NRS 107.080(3)(a) by failing to include a description of the deficiency in performance or payment and language regarding acceleration in the Notice of Default. (Compl. at 5:22-26.)

The 2010 Notice of Default included the following language: "payment has not been made . . . failure to pay the installment of principle, interest and impounds which became due on 6/01/2010 and all subsequent installments of principal, interest and impounds, together with

all late charges." (2010 Notice of Default, Ex. 8 to Compl.) The Court finds that this language does describe the deficiency pursuant to Nevada statutes. Furthermore, the statute cited by Plaintiff only states that the notice "*may* contain a notice of intent to declare the entire unpaid balance due if acceleration is permitted . . . ." NRS 107.080(3)(a) (emphasis added). Accordingly, the Court finds that Plaintiff has failed to state a claim on this basis.

Fourth and finally, Plaintiff claims that Defendants violated "NRS 107.086(2)(a)(b)" by conducting the sale without including language in the Notice of Default that identified "a person with authority to negotiate a loan modification on behalf of the beneficiary of the [Deed of Trust] or a form for the election of mediation." (Compl. at 6:4-6.) Because there is no statute at "NRS 107.086(2)(a)(b), the Court will analyze Plaintiff's claim pursuant to NRS 107.086(2). This section provides that:

> The trustee shall not exercise a power of sale pursuant to NRS 107.080 unless the trustee:
> (a) Includes with the notice of default and election to sell […]:
>    (1) Contact information which the grantor or the person who holds the title of record may use to reach a person with authority to negotiate a loan modification on behalf of the beneficiary of the deed of trust;
>    (2) Contact information for at least one local housing counseling agency approved by the United States Department of Housing and Urban Development;
>    (3) A notice provided by the Mediation Administrator indicating that the grantor or the person who holds the title of record has the right to seek mediation pursuant to this section; and
>    (4) A form upon which the grantor or the person who holds the title of record may indicate an election to enter into mediation or to waive mediation pursuant to this section and one envelope addressed to the trustee and one envelope addressed to the Mediation Administrator, which the grantor or the person who holds the title of record may use to comply with the provisions of subsection 3

The 2010 Notice of Default states:

> To determine if reinstatement is possible and the amount, if any, to cure the default, [Plaintiff may] contact: BAC Home Loans Servicing, LP, c/o RECONTRUST COMPANY, 2380 Performance Dr., TX 2-985-07-03, Richardson, TX 75082, PHONE: (800) 281-8219. Should you wish to discuss

possible options for loan modification, you may contact the Home Retention Division at 1-800-669-6650.  If you meet the requirements of Section NRS 107.085, you may request mediation in accordance with the enclosed Election/Waiver of Mediation Form and instructions.  You may also contact the Nevada Fair Housing Center at 1-702-731-6095 or the Legal Aid Center at 1-702-386-1070 for assistance.

(2010 Notice of Default.)

Therefore, the Court finds that Defendants did include the required information regarding contact information to negotiate a loan modification or for a local housing counseling agency, and the right to seek mediation pursuant to NRS 107.086(2)(a)(1)-(3).  Also, the Court agrees with Defendants that Plaintiff's claim that no mediation form was attached is rendered implausible by the language in the notice describing an "enclosed" form, and the fact that Plaintiff did participate in mediation with Defendants in February 2011. (*See* Certificate of Mediation, Ex. J to Defs.' Req. for Judicial Notice.)  Accordingly, the Court finds that Plaintiff has failed to state a claim on this basis.

### C. Declaratory Relief and Cancellation of Deed

Plaintiff's fourth and fifth causes of action are remedies, not causes of action.  Plaintiff cites NRS 30.040 in support of her claim for a declaration of rights under the Note, Deed of Trust, Corporate Assignment and Deed of Trust, Substitution of Trustee and other recorded documents relating to the property. (Compl. at 8:9-13.)  Plaintiff also requests an order from the Court setting aside the sale of the property and declaring it null and void. (Compl. at 9:10-12.)  As discussed above, the Court finds that the documents submitted by Plaintiff demonstrate proper foreclosure procedure, and that Plaintiff has accordingly failed to state a claim upon which relief may be granted.

### D. Countermotion to Amend

In her Response to Defendants' Motion to Dismiss, Plaintiff appears to request leave to amend her complaint.  Plaintiff does so by including a subheading titled "Plaintiff's

Countermotion to Amend in the Event the Court dismisses Plaintiff's Complaint, or any part of it, should be allowed" and by stating that "Plaintiff can state a valid Cause of Action under circumstances here" and that "Plaintiff should be allowed to do so." (Resp. to Mot. to Dismiss, 6:25-26, 7:2-4, ECF No. 16.)

Plaintiff's only support for amendment is based on a reference to an unpublished order in *Foust v. Wells Fargo*, N.A., No. 55520, 2011 WL 3298915, 2011 Nev. Unpub. LEXIS 493 (Nev. July 29, 2011), and an erroneous argument that the Nevada Supreme Court "adopted and approved of" a decision by the Supreme Court of Massachusetts, *U.S. Bank Nat'l Ass'n v. Ibanez*, 941 N.E. 2d 40 (Mass. 2011), and that the *Ibanez* "ruling is now binding upon this Court." (Resp. to Mot. to Dismiss, 3:6-8, 26 (emphasis omitted).) The Court finds this argument unpersuasive, particularly since Plaintiff incorrectly quotes and characterizes the legal authority cited in support.[2]

Accordingly, even if a proper motion for leave to amend had been made (*see* Local Rules of Practice, District of Nevada, 7-2, 15-1; Fed. R. Civ. P. 15), the Court finds no basis on which to grant such a motion. To the extent that leave to amend is requested, the Court finds that it is clear that the deficiencies in Plaintiff's Complaint cannot be cured by amendment and the request is denied.

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that the Motion to Dismiss (ECF No. 5) is **GRANTED**. The Clerk shall enter judgment accordingly.

**IT IS FURTHER ORDERED** that any **lis pendens** recorded against the property as a

---

[2] Plaintiff mis-quotes a sentence from a footnote in *Pasillas v. HSBC Bank USA*, 255 P.3d 1281 (Nev. 2011) (en banc) to support this argument. Plaintiff's block quote lacks a citation and states, "We agree with the rational [of *Ibanez*]: that a **valid U.C.C. Article 3 Assignments of the promissory note are needed** when [a party who is not the original lender] seeks to foreclose on a property." (Resp. to Mot. to Dismiss, 4:6-8, ECF No. 16.) The true sentence states, "We agree with the rationale that valid assignments are needed when a beneficiary of a deed of trust seeks to foreclose on a property." *Pasillas*, 255 P.3d at 1286 n.9.

1  result of the instant litigation **is hereby EXPUNGED**.

2        DATED this 17th day of September, 2012.

_____
Gloria M. Navarro
United States District Judge